## NAHUM T. NEALLEY *vs.* ALEXANDER SEGAR.

By virtue of R. S., c. 66, §§ 17, 13, 9, and 10, actions pending on non-preferred claims, when a representation of insolvency is made, may (1) be discontinued without costs; or (2) continued, tried, and judgment rendered; which judgment is to be returned to the probate court as a contingent claim; and a sum sufficient to pay the percentage paid to others, to be left in the hands of the administrator, to be by him paid, if the claim becomes absolute within four years from the grant of administration, if it can be done without disturbing prior dividends, and not otherwise.

Where the commissioners of insolvency gave notice of their meetings for the presentation of claims, and the plaintiff left his writ with them, but never proved his claim set out in the writ, *Held,* that the claim was thereby presented; and if it was not allowed, the claimant's remedy thereafter was by appeal and an action for money had and received under § 13.

ON REPORT.

ASSUMPSIT on a contract to make two voyages instead of one, in carrying timber for a vessel's frame, from Frankfort Marsh river to Stockton, and on an account annexed.

The writ was dated April 14, 1866, and entered at the following May term, and continued until the January term, 1869, when it came on for trial.

After entry of the action, the defendant died; letters of administration taken out; estate rendered insolvent, commissioners of insolvency appointed, who gave the notice provided in R. S., c. 66,

§ 4. The plaintiff notified the commissioners of his claim against the estate, by leaving with them the writ in this action, but did not support the claim therein set out by affidavit or other proof. The commissioners subsequently made their final report to the probate court, making mention of, but disallowing the plaintiff's claim. After the administrator had settled his final account, and a decree of distribution made, to wit, at the October term, 1868, an order from this court was issued, to cite the administrator to appear at the January term, 1869.

It was admitted that the administrator had personal knowledge of the pendency of the suit before being cited to answer to this suit.

After the testimony was all in, the case was withdrawn from the jury, and reported to the full court, who were to render such judgment as the legal rights of the parties required.

The view taken by the court renders a report of the testimony unnecessary.

*T. W. Vose*, for the plaintiff.

*Willard P. Harriman*, for the defendant.

BARROWS, J. Two courses were open to the plaintiff under § 17, c. 66, R. S. (1) To discontinue without costs. (2) To continue, try, and have judgment rendered with the effect, and satisfied in the manner provided in cases of appeal, which contemplates a return made to the probate office, as of a contingent claim (§ 13), and a sum to be left in ¦the hands of the administrator, sufficient to pay the percentage paid to others, which is to be paid, provided the claim becomes absolute within four years from the grant of administration, if it can be done without disturbing prior dividends, and not otherwise. (§§ 9 and 10.)

The plaintiff did neither of these things, but waited until after a final account was settled, and distribution was made, before citing in the administrator, thus cutting off the administrator from all opportunity of having the costs allowed against the estate, under § 16,

and making it impossible for himself to have his judgment (if he obtained one) satisfied "without disturbing prior dividends."

Moreover, we think the case shows a presentation to the commissioners. They gave notice of their meetings for the presentation of claims. He left his writ with them. It was not their fault if he did not prove his claim. They did not allow it. His remedy thereafter was by appeal and new action under the statute. *Bates v. Ward*, 49 Maine, 87. If he did not design to make proof of it before them, he should have seen to it that it was returned as a contingent claim, and proceeded with his suit, instead of allowing it to slumber until it became impossible to have a judgment (if he obtained one) satisfied in the manner contemplated by the statute. He may attribute his loss to his own laches, if he has lost anything. A review of the testimony leaves it very doubtful whether he has lost anything by his delay. He has got the sum for which he agreed to carry the timber. He yielded to the defendant's doubts whether he could carry it safely in any other way than by making two loads of it. Why should he have more than the contract price for doing that which he undertook to do?

*Judgment for the defendant.*

APPLETON, C. J.; CUTTING, KENT, and DANFORTH, JJ., concurred.